JOHN L. KRIEGER (Nevada Bar No. 6023)
jkrieger@lrlaw.com
NIKKYA G. WILLIAMS (Nevada Bar No. 11484)
nwilliams@lrlaw.com
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169
(702) 949-8200
(702) 949-8398

Attorneys for Plaintiff
Zuffa, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ZUFFA, LLC, a Nevada limited liability company,<br><br>                     Plaintiff,<br><br>   vs.<br><br>DOES 1-100, ROE BUSINESS ENTITIES 1-100,<br><br>                   Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff Zuffa, LLC alleges as follows:

### NATURE OF THE CASE

This is an action for trademark counterfeiting, trademark infringement, and unfair competition under the Lanham Act, with pendent claims for state deceptive trade practices, intentional interference with prospective economic advantage, and negligent interference with contractual relations.   Plaintiff seeks actual damages, Defendants' profits, and/or statutory damages, and an award of attorneys' fees and costs, and preliminary and permanent injunctive relief.

### JURISDICTION AND VENUE

1.     This is an action for trademark infringement, trademark counterfeiting, and unfair

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

-1-

2945181.2

competition arising under the Lanham Act, 15 U.S.C. §§ 1051 et. seq.  This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) & (b).  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

2.    This Court has, or will have, personal jurisdiction over Defendants because, upon information and belief, Defendants are or will be physically present in this forum in connection with the claims asserted below.

3.    Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. §§ 1391(b) & (c) and 1400.  Venue lies in the unofficial Southern division of this Court.

## PARTIES

4.    Plaintiff Zuffa, LLC ("Zuffa"), is a Nevada limited liability company in the business of producing and promoting mixed martial arts bouts.  Plaintiff's principal place of business is in Las Vegas, Nevada.

5.    Defendants Does are individuals who are sued under fictitious names because their true names and identities are currently unknown.  Zuffa will amend the Complaint once their true identities and capacities are ascertained.

6.    Defendants Roe Business Entities are business entities who are sued under fictitious names because their true names are currently unknown.  Zuffa will amend the Complaint once their true names are ascertained.

## ALLEGATIONS COMMON TO ALL COUNTS

7.    Zuffa, LLC does business as the Ultimate Fighting Championship® ("UFC®") brand, both registered trademarks.

8.    Zuffa is a private company, with its principal place of business in Las Vegas, Nevada, that promotes Mixed Martial Arts ("MMA") contests or exhibitions.

9.    MMA contests involve bouts between athletes skilled in the various disciplines of all martial arts including karate, jiu-jitsu, boxing, kick-boxing, grappling, wrestling and other combat sports.

10.   UFC® live events take place in large arenas, for example, at the MGM Garden

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

2945181.2

Arena in Las Vegas, Nevada, the Staples Center in Los Angeles, California and other large arenas throughout the United States.  The events generally last for only one night.

11.     Much like at other large sporting events, Zuffa sells officially licensed merchandise bearing the UFC® trademark at the arenas hosting its UFC® live events.

12.     Such merchandise includes t-shirts, sweatshirts, hats, tank tops and shorts. Licensed UFC® merchandise are high-quality products that range in price from $15 to $70.

13.     The UFC name and logo are trademarks that are owned by Plaintiff and registered on the Principal Register of the United States Patent and Trademark Office, including, among others:

      a.     UFC:   Registration No. 2,645,312 for clothing and wearing apparel, including sweatshirts, tee-shirts; polo shirts; golf shirts; tank tops; hats; caps; visors; and for entertainment services, namely production of martial arts competitions, events, and information;

      b.     UFC:   Registration No. 2,941,044 for, among other things, posters, postcards and magazines;

      c.     UFC (stylized):   Registration No. 2,706,754 for  clothing including sweatshirts, tee-shirts; muscle shirts;tank tops; bathing suits; beach wear; jogging suits; shorts; shirts; gloves; underwear; jerseys; hats; caps; for martial arts gloves; karate gloves; wrestling gloves; boxing gloves; and for entertainment services;

      d.     THE ULTIMATE FIGHTING CHAMPIONSHIP: Registration No. 2,576,367for paper goods, including posters, postcards and magazines; and for clothing, including shirts, jerseys, hats and caps; and

      e.     OCTAGON GIRLS: Registration No. 4,026,333 for clothing (the "UFC® Marks").

14.     These federal trademark registrations have not been abandoned, canceled, or revoked.  Moreover, Registration No. 2,645,312;  Registration No. 2,941,044; Registration No. 2,706,754; and Registration No. 2,576,367 have become incontestable through the filing of Section 8 and 15 affidavits in the Patent and Trademark Office.

15.     Since 1993, Plaintiff and its predecessors-in interest have continuously used the UFC® Marks in connection with advertising and promoting the property in the United States and around the world.

16.     Plaintiff and its predecessors-in-interest have spent millions of dollars to advertise and promote the UFC® Marks in print, broadcast media, and on the Internet through

the UFC® website accessible throughout the United States and around the world at <ufc.com>, among others.

17.    In addition, Plaintiff has made extensive use of the UFC® Marks on, among other things, signage, wearing apparel, souvenirs, promotional materials and especially in connection with the broadcast of MMA events.

18.    Based on its federal trademark registrations and extensive use, Plaintiff owns the exclusive right to use the UFC® Marks in connection with MMA contests or exhibitions and related goods and services, including on clothing and hats.

19.    The UFC® Marks have become distinctive and famous in the United States and throughout the world for MMA contests or exhibitions and related goods and services.

20.    Plaintiff, in connection with the Las Vegas Convention and Visitors Authority ("LVCVA"), will host the First Annual International Fight Week in Las Vegas, Nevada, which will take place around from July 3 through July 7, 2012, and will culminate on July 7 with UFC® 148 at the MGM Garden Arena.

21.    Some of the most memorable UFC® events in history have taken place around 4th July weekend and a firm tradition was born in July 2009, when the milestone UFC® 100 event brought over 60,000 fight fans from around the world to Vegas.

22.    Plaintiff and LVCVA have partnered to make the July fight event not just a Las Vegas tradition, but a signature sporting occasion which will draw fans from all over the globe to the fight capital of the world.  It is intended that this will become an annual tradition for the UFC in Las Vegas.

23.    The First Annual International Fight Week will be the ultimate week-long experience for UFC® fans.  The inaugural week long celebration of the UFC® will feature the largest ever gathering of fighters and unprecedented access to UFC® stars, the biggest UFC® Fan Expo yet, open workouts with UFC® 148  fighters, pool parties and pub crawls hosted by fighters and Octagon Girls®, a concert, and UFC® 148.

24.    Some of the biggest properties in Las Vegas will be hosting UFC®  themed events during International Fight Week, including the MGM Grand, Mandalay Bay, the Palazzo,

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

2945181.2

the Wynn, the Palms, the EA Sports Lounge at the Cosmopolitan, a Fremont Street experience at the D, Golden Nugget, Golden Gate and El Cortez plus much more.

25.    Throughout International Fight Week, official UFC® merchandise will be available for sale to consumers through a number of authorized vendors.  And, as with every UFC® event, consumers will also be able to purchase official UFC® merchandise at UFC® 148.

26.    Zuffa also has numerous upcoming UFC® live events scheduled throughout the United States in the coming months and through the end of the year, including the following for which information is publicly available:

    a.    UFC® on Fuel TV 4 at the HP Pavilion in San Jose, California on July 11;

    b.    UFC® on Fox 4 at the Staples Center in Los Angeles, California on August 4; and

    c.    UFC® 150 at the Pepsi Center in Denver, Colorado on August 11.

Zuffa has not yet publicly released the remainder of its schedule for the rest of the 2012 calendar year.

27.    Upon information and belief, Defendants are engaged in the manufacture, distribution and sale of unauthorized merchandise, including t-shirts, sweatshirts, hats, tank tops and shorts, that bear Zuffa's UFC® Marks (the "Infringing Merchandise").

28.    The Infringing Merchandise appears the same as Zuffa's officially licensed merchandise, but is generally of inferior quality.

29.    Defendants' modus operandi is simple: create cheap imitations of Zuffa's officially licensed UFC® merchandise; set up shop at UFC® live events; and sell unsuspecting consumers inferior goods that they believe are affiliated with the UFC® brand at prices far lower than those for officially license merchandise.

30.    In almost every instance, the infringing products that Defendants are selling are identical, indicating that they are supplied by a common source.  Individual Defendants are recognized from venue to venue as they appear at the various UFC® live events.

31.    UFC® live events routinely sell out or almost sell out; there will be hundreds of thousands of people throughout the country who will participate in a UFC® live event.  UFC®

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

2945181.2

1   fans frequently seek to purchase souvenir merchandise, including t-shirts, sweatshirts, posters,

2   and hats.

3       32.    Defendants are typically located outside the venue for the event and, therefore,

4   have the first and last opportunity to make sales.  Occasionally, Defendants will actually sell

5   their Infringing Merchandise inside the event venue.

6       33.    Given the transient nature of UFC® live events, Defendants can appear, sell their

7   Infringing Merchandise, and then disappear; only to reappear at the next live event.

8       34.    When approached by Zuffa and requested to identify themselves, Defendants

9   either refuse or provide false information.

10      35.    Defendants will ignore Zuffa's requests to stop selling their Infringing

11  Merchandise or respond that they want to see our "injunction" or "order" or else they will not

12  stop their infringing activities.

13      36.    There is nothing preventing Defendants from continuing their pattern of free

14  riding on Zuffa's efforts at the International Fight Week and/or the next UFC® live event,

15  because Defendants can and do continue to manufacture, distribute and sell Infringing

16  Merchandise in complete disregard of Zuffa's rights.

17      37.    Zuffa has never authorized, approved or consented to Defendants' use of the

18  UFC® Marks in connection with any goods or services whatsoever.

19      38.    Defendants' Infringing Merchandise is intended to and is likely to cause

20  confusion among consumers, deceiving them into believing the Infringing Merchandise is

21  authorized, approved or sponsored by Zuffa, when it is not.

22      39.    Zuffa has no adequate remedy at law and is suffering, and will continue to suffer,

23  irreparable harm as a result of Defendants' acts.

                                **COUNT I**
24                      (Trademark Counterfeiting under
25                  the Lanham Act, 15 U.S.C. § 1114(1))

26      40.    Zuffa incorporate the allegations in the preceding paragraphs as if full set forth

27  herein.

28

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

2945181.2

41.     Without Zuffa's consent, the Defendants used a spurious mark that is identical or substantially indistinguishable from the UFC® Marks on goods, labels, and packages intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods with which such use is likely to cause confusion, or to cause mistake, or to deceive.

42.     As a direct and proximate result of Defendants' infringement, Zuffa has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

43.     Defendants' conduct constitutes willful counterfeiting.

44.     Pursuant to 15 U.S.C. §§ 1117(b) and (c), Defendants are liable for, at Zuffa's election: (a) statutory damages in an amount up to $1,000,000 per mark infringed; or (2) an amount representing three times Zuffa's damages and Defendants' illicit profits; and (3) Zuffa's reasonable attorneys' fees.

**COUNT II**
(Trademark Infringement under
the Lanham Act, 15 U.S.C. § 1114)

45.     Zuffa incorporates the allegations in the preceding paragraphs as if fully set forth herein.

46.     Defendants have used and/or are using in commerce Zuffa's UFC® Marks.

47.     Defendants' use in commerce of a mark identical or confusingly similar to Zuffa's UFC® Marks constitutes a reproduction, copying, counterfeiting, and colorable imitation of Zuffa's trademarks in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

48.     By using a mark identical or confusingly similar to Zuffa's trademarks with the knowledge that Zuffa owns and has used, and continues to use, its trademarks in Las Vegas, across the United States, and around the world, Defendants have intended to cause confusion, cause mistake, or deceive consumers.

49.     Defendants are using a mark identical and/or confusingly similar to Zuffa's trademarks in connection with the sale, offering for sale or advertising of services in a manner

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

2945181.2

that is likely to cause confusion, or to cause mistake, or to deceive consumers as to affiliation, connection, or association with Zuffa or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by Zuffa.

50.     Defendants' use of marks identical and/or confusingly similar to Zuffa's trademarks has created a likelihood of confusion among consumers who may falsely believe that Defendants are associated with Zuffa or that Zuffa sponsors or approves of Defendants.

51.     As a direct and proximate result of Defendants' infringement, Zuffa has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT III
### (Unfair Competition under the
### Lanham Act, 15 U.S.C. § 1125(a))

52.     ZUffa incorporates the allegations in the preceding paragraphs as if fully set forth herein.

53.     Defendants' use in commerce of a mark identical or confusingly similar to Zuffa's trademarks in connection with the sale of goods constitutes a false designation of origin and/or a false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with Zuffa, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Zuffa.

54.     Defendants' use in commerce of a mark identical or confusingly similar to Zuffa's trademarks with the knowledge that Zuffa owns and has used, and continues to use, its trademarks constitutes intentional conduct by Defendants to make false designations of origin and false descriptions about Defendants.

55.     As a direct and proximate result of such unfair competition, Zuffa has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

56.     Defendants' actions were done willfully, with the intent to cause injury to Zuffa, and in conscious disregard of Zuffa's rights.  Therefore, Defendants are guilty of malice,

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

2945181.2

57.     oppression and fraud, and Zuffa is entitled to an award of punitive damages appropriate to punish Defendants, and to deter others from engaging in similar misconduct.

## COUNT IV
### (Intentional Interference With
### Economic Advantage)

58.     Zuffa incorporates the preceding allegations as if fully set forth herein.

59.     At the time Defendants adopted and began creating and selling the Infringing Merchandise and since that time, Defendants knew and have known that Zuffa is in the business of manufacturing, distributing and selling licensed UFC® merchandise.

60.     Defendants committed acts intended or designed to disrupt Zuffa's prospective economic advantage arising from the sale of its licensed UFC® merchandise.

61.     Defendants' actions have disrupted or are intended to disrupt Zuffa's business.

62.     Defendants have no legal right, privilege or justification for their conduct.

63.     As a direct and proximate result of Defendants' intentional interference with Zuffa's prospective economic advantage, Zuffa has suffered, and will continue to suffer, monetary damages and irreparable injury.

## COUNT V
### (Negligent Interference With
### Contractual Relations)

64.     Zuffa incorporates the preceding allegations as if fully set forth herein.

65.     Defendants knew and have known or should have known that Zuffa has contractual relations with its vendors and retailers, and was aware or should have been aware that if they interfered with those contractual relations, their wrongful actions would cause Zuffa to lose in whole or in part the probable future economic benefit or advantage of those contractual relations.

66.     Defendants were negligent and failed to exercise due care in its actions towards Zuffa with respect to Zuffa's contractual relations with its vendors and retailers.

67.     Defendants had no legal right, privilege or justification for their conduct.

/ / /

/ / /

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

2945181.2

68.     As a direct and proximate result of Defendants' negligent interference with Zuffa's contractual relations, Zuffa has suffered, and will continue to suffer, monetary damages and irreparable injury.

## PRAYER FOR RELIEF

WHEREFORE, Zuffa respectfully prays that the Court grant the following relief:

A.     A temporary, preliminary and permanent injunction prohibiting Defendants and their partners, officers, agents, servants, employees and/or all persons acting in concert or participation with Defendants, from: (1) using the UFC® Marks or any confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs (including, but not limited to, the UFC® Marks) in commerce (including, but not limited to in manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods); and (2) representing that any products merchandise or goods manufactured, distributed, sold, held for sale or advertised by them are sponsored or authorized by Zuffa in this district or in any other district in which Zuffa seeks to enforce this Court's injunction order;

B.     Grant a preliminary order impounding all copies of the Infringing Merchandise and any other infringing products, and all articles by means of which such copies may be produced and a permanent order for destruction of same;

C.     An award of compensatory, consequential, statutory, and/or punitive damages to Zuffa in an amount to be determined at trial, including statutory damages of up to $1,000,000 per counterfeit mark or, at Zuffa's election, treble damages.

D.     An award of interest, costs and attorneys' fees incurred by Zuffa in prosecuting this action; and

E.     An award to Zuffa of punitive damages for Defendants' willful and malicious conduct; and

/ / /

/ / /

/ / /

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

2945181.2

1   F.      All other relief to which Zuffa is entitled.

2   DATED this 27th day of June, 2012.

3                                   Respectfully submitted,

4                                   LEWIS AND ROCA LLP

5

6                                   By ____/s/John L. Krieger_____
7                                       JOHN L. KRIEGER
                                        NIKKYA G. WILLIAMS
8                                       3993 Howard Hughes Parkway
                                        Suite 600
9                                       Las Vegas, Nevada  89169
                                        (702) 949-8200
10
                                        Attorneys for Plaintiff
11                                      Zuffa, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2945181.2