UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZUFFA, LLC, a Nevada limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>DOES 1-100, ROE BUSINESS ENTITIES 1-100,<br><br>　　　　　　Defendants. | Case No. 2:12-cv-1120-KJD-CWH<br><br>**TEMPORARY RESTRAINING ORDER, SEIZURE ORDER AND ORDER SETTING PRELIMINARY INJUNCTION HEARING** |

UPON CONSIDERATION of the motion filed by Plaintiff Zuffa, LLC ("Plaintiff") for a temporary restraining order and seizure order to prevent Defendants from continuing to manufacture, distribute and sell goods that infringe on Plaintiff's UFC® Marks (deferred in Complaint as UFC®, UFC (stylized)®, ULTIMATE FIGHTING CHAMPIONSHIP® and OCTAGON GIRLS®), the supporting memorandum of points and authorities, the supporting declaration and evidence, the record in this case, and for other good cause shown;

**THE COURT HEREBY FINDS THAT:**

1.　　Plaintiff will suffer irreparable injury to its valuable trademarks and associated goodwill if Defendants are not enjoined and restrained from continuing to sell and distribute goods that infringe on Plaintiff's UFC® Marks;

2.　　Plaintiff is likely to succeed on the merits of its claims for trademark infringement and unfair competition;

Lewis and Roca LLP<br>3993 Howard Hughes Parkway<br>Suite 600<br>Las Vegas, Nevada  89169

3. The balance of hardships tips in Plaintiff's favor because a temporary restraining order would merely prohibit Defendant from profiting from the sale of infringing goods, but the failure to issue a temporary restraining order and seizure order would cause Plaintiff to suffer additional irreparable injury and incur additional expense if Defendants relocated beyond the Court's jurisdiction and continued to sell their infringing goods, requiring Plaintiff to file additional lawsuits in other jurisdictions; and

4. The issuance of a temporary restraining order is in the public interest because it would protect consumers against deception and confusion in the marketplace arising from the Defendants' use of the UFC® Marks by persons other than Plaintiff;

**THEREFORE, IT IS HEREBY ORDERED THAT**, pending a hearing on Plaintiff's Motion for Preliminary Injunction, Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, are hereby temporarily restrained from manufacturing, distributing and selling any goods, including, but not limited to, clothing, hats, posters, and other merchandise, bearing the UFC® Marks;

**IT IS FURTHER ORDERED THAT** pursuant to 15 U.S.C. 1116(d), the United States Marshal, for this District or any district in which Plaintiff enforces this order, the state police, local police or local deputy sheriffs, off-duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all infringing merchandise bearing the UFC® Marks which Defendants attempt to sell or are holding for sale, including any from any carton, container, vehicle, or other means of carriage in which the infringing merchandise is found, from six (6) hours before to six (6) hours after any UFC® event, within a ten (10) mile vicinity of the halls, stadiums or arenas at which said UFC® live event shall be held, including, but not limited to, any event associated with International Fight Week in Las Vegas, Nevada, from July 3, 2012 through July 7, 2012, and at UFC® 148 on July 7, 2012 at the MGM Garden Arena in Las Vegas, Nevada;

**AND IT IS FURTHER ORDERED THAT** the United States Marshals Service, the state police, local police or local deputy sheriffs, off-duty officers of the same, and any person

1  acting under their supervision, may use all reasonable force in conducting the seizure and may
2  open doors, locks, boxes, brief cases, and containers of any type or nature to locate and identify
3  Materials to be seized.  Attorneys and other representatives of Plaintiff shall accompany the
4  United States Marshals Service during the seizure to identify the Materials to be seized.
5  Plaintiff's counsel shall itemize and take possession of the seized Materials, provide a copy of
6  the inventory to the United States Marshals Service, and file the inventory with the Court.
7  Plaintiff agrees to indemnify the United States Marshals Service and hold it harmless from any
8  suit, claim, cause of action, damage, loss, or injury arising from the execution of the seizure
9  described in this Order;

10       **AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon
11  Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified
12  check, bank check, credit card or cash in the amount of $ 2,000.00 no later than July 2,
13  2012, to secure the payment of such costs and damages not to exceed such sum as may be
14  suffered or sustained by any party who is found to be wrongfully restrained hereby;

15       **AND IT IS FURTHER ORDERED** that this order is conditioned upon Plaintiff's
16  advancing to the law enforcement officers identified herein such sum as is required by the same
17  to cover the fees for their said services, in the event Plaintiff seeks their services in this or any
18  other district;

19       **AND IT IS FURTHER ORDERED** that service of a copy of this order together with
20  the complaint, be made upon the Defendants by the United States Marshal, state or local police,
21  local deputy sheriffs, or by any person over the age of eighteen (18) years not a party to this
22  action selected for that purpose by Plaintiff, at the time of the seizure provided herein is effected
23  and that such service shall be deemed good and sufficient;

24       **AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each
25  person from whom infringing merchandise is seized and that Plaintiff shall be deemed substitute
26  custodian for all infringing merchandise seized;

27       **AND IT IS FURTHER ORDERED** that each and every Defendant served with a copy
28  of this order promptly, courteously and peaceably identify himself or herself to the

1  aforementioned process server and that the process server or agents for Plaintiff be allowed to
2  photograph, video tape or otherwise identify the individual Defendant;

3        **AND IT IS FURTHER ORDERED** that any Defendant who is hereafter served with a
4  copy of this order who objects to the provisions hereof may submit his or her objections to this
5  Court or otherwise move for relief from this Court according to the Federal Rules of Civil
6  Procedure, but no such objection shall serve to suspend this Order or stay the terms herein unless
7  otherwise ordered by this Court.

8  <center>**ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION**</center>

9        **UPON CONSIDERATION** of the motion filed by Plaintiff for a preliminary injunction
10 enjoining Defendants from manufacturing, distributing and/or selling goods that infringe
11 Plaintiff's UFC® Marks, the supporting points and memorandum of authorities, the supporting
12 declarations and evidence, record in this case, and for good cause shown;

13       **THE COURT HEREBY** sets the hearing for Plaintiff's motion for a preliminary
14 injunction on __July 9__, 2012, at __9:00 a__.m. to be held in Courtroom __6D__ at the Lloyd D.
15 George Federal Courthouse, 333 South Las Vegas Boulevard, Las Vegas, Nevada.
16 Further, the Court sets forth the following briefing schedule relating to Plaintiff's motion:
17     1.    Defendant shall file and serve opposition papers, if any, no later than
18 __July 5,__ 2012; and
19     2.    Plaintiff shall file and serve its reply brief no later than __July 6__, 2012.
20     DATED: June __28__, 2012.

                                    UNITED STATES DISTRICT JUDGE