1   JOHN L. KRIEGER (Nevada Bar No. 6023)
    jkrieger@lrlaw.com
2   NIKKYA G. WILLIAMS (Nevada Bar No. 11484)
    nwilliams@lrlaw.com
3   3993 Howard Hughes Parkway
    Suite 600
4   Las Vegas, Nevada  89169
    (702) 949-8200
5   (702) 949-8398

6   Attorneys for Plaintiff
    Zuffa, LLC
7

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZUFFA, LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> DOES 1-100, ROE BUSINESS ENTITIES 1-100, <br><br> Defendants. | Case No. 2:12-cv-01120-KJD-CWH <br><br> **PRELIMINARY INJUNCTION** |

UPON CONSIDERATION of the motion filed by Plaintiff Zuffa, LLC ("Plaintiff") for a preliminary injunction and seizure order to prevent Defendants from continuing to manufacture, distribute and sell goods that infringe on Plaintiff's UFC® Marks (defined in Complaint as UFC®, UFC (stylized)®, ULTIMATE FIGHTING CHAMPIONSHIP® and OCTAGON GIRLS®), the supporting memorandum of points and authorities, the supporting declaration and evidence, the record in this case, and for other good cause shown;

**THE COURT HEREBY FINDS THAT:**

1. Plaintiff will suffer irreparable injury to its valuable trademarks and associated goodwill if Defendants are not enjoined and restrained from continuing to sell and distribute goods that infringe on Plaintiff's UFC® Marks;

2. Plaintiff is likely to succeed on the merits of its claims for trademark infringement and unfair competition;

3. The balance of hardships tips in Plaintiff's favor because a preliminary injunction would merely prohibit Defendant from profiting from the sale of infringing goods, but the failure to issue preliminary injunction and seizure order would cause Plaintiff to suffer additional irreparable injury and incur additional expense if Defendants relocated beyond the Court's jurisdiction and continued to sell their infringing goods, requiring Plaintiff to file additional lawsuits in other jurisdictions; and

4. The issuance of a preliminary injunction is in the public interest because it would protect consumers against deception and confusion in the marketplace arising from the Defendants' use of the UFC® Marks by persons other than Plaintiff;

**THEREFORE, IT IS HEREBY ORDERED THAT**, pending a full trial on the merits, Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, are hereby enjoined from: (1) using the UFC® Marks in connection with the manufacturing, distributing, offering for sale and selling any goods, including, but not limited to, clothing, hats, posters, and other merchandise; and (2) aiding, abetting, inducing, or encouraging another to perform any fo the acts enjoined herein.

**IT IS FURTHER ORDERED THAT** pursuant to 15 U.S.C. 1116(d), the United States Marshal, for this District or any district in which Plaintiff enforces this order, other federal law enforcement officials, including agents of the U.S. Department of Homeland Security, the state police, local police or local deputy sheriffs, off-duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all infringing merchandise bearing the UFC® Marks which Defendants attempt to sell or are holding for sale in the vicinity of any UFC® live event held in the United States through December 31, 2012 at 11:59 p.m., including any goods from any carton, container, vehicle, or other means of carriage in which the infringing merchandise is found, from six (6) hours before to six (6) hours after any UFC® event, within a ten (10) mile vicinity of the halls, stadiums or arenas at which said UFC® live event shall be held;

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

2975031.1

1   **AND IT IS FURTHER ORDERED THAT** the United States Marshals Service, other federal law enforcement officials, including agents of the U.S. Department of Homeland Security, the state police, local police or local deputy sheriffs, off-duty officers of the same, and any person acting under their supervision, may use all reasonable force in conducting the seizure and may open doors, locks, boxes, brief cases, and containers of any type or nature to locate and identify materials to be seized. Attorneys and other representatives of Plaintiff shall accompany the law enforcement officers identified herein during the seizure to identify the materials to be seized. Plaintiff's counsel shall itemize and take possession of the seized materials, provide a copy of the inventory to the United States Marshals Service, and file the inventory with the Court. Plaintiff agrees to indemnify the United States Marshals Service and hold it harmless from any suit, claim, cause of action, damage, loss, or injury arising from the execution of the seizure described in this Order;

**AND IT IS FURTHER ORDERED** that no additional security is required and that the $2000 bond previously posted by Plaintiff shall remain in effect to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this order is conditioned upon Plaintiff's advancing to the law enforcement officers identified herein such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order together with the complaint, be made upon the Defendants by the United States Marshal, other federal law enforcement officials, including agents of the U.S. Department of Homeland Security, the state police, local police or local deputy sheriffs, off-duty officers of the same, and any person acting under their supervision, or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

1  **AND IT IS FURTHER ORDERED** Plaintiff shall be deemed substitute custodian for all infringing merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every Defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and/or Plaintiff's counsel and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the individual Defendant;

**AND IT IS FURTHER ORDERED** that any Defendant who is hereafter served with a copy of this order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

DATED:  July 18, 2012

_____
The Honorable Kent J. Dawson
UNITED STATES DISTRICT JUDGE